## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

CARLOS CUESTA, an individual,

and

ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

CASE:     1:25-cv-1446 (ECC/DJS)

     Plaintiffs,

 v.

1533 QUEENSBURY LLC, a New York
Domestic Limited Liability Company.


     Defendant.

_____/

## **COMPLAINT**

Plaintiffs, and CARLOS CUESTA and ACCESS 4 ALL, INC, on behalf of themselves and

all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, 1533

QUEENSBURY LLC, a New York Domestic Limited Liability Company, (collectively hereafter

"Defendant") and as grounds allege:

### JURISDICTION AND VENUE

1.     The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C.

§ 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, *et seq.*

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201

and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

1

42 U.S.C. § 12181, *et seq*.

4.      Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris.*  Plaintiff, CARLOS CUESTA, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5.      Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, and is otherwise *sui juris.* Plaintiff, CARLOS CUESTA, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6.      Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7.      At all times material, Defendant, 1533 QUEENSBURY LLC, was and is a limited liability company located in New York and doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

8.      At all times material, Defendant, 1533 QUEENSBURY LLC, owned, leased,

and/or operated the Commercial Property located at 1533 State Route 9, Lake George, NY 12845 (hereinafter "Commercial Property") operated as "La Quinta Inn & Suites by Wyndham – Lake George".

9.      Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Lake George, New York.

10.     Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Warren County area. The Defendant regularly conduct business within Warren County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Warren County area.

<u>FACTUAL ALLEGATIONS</u>

11.     Plaintiff, Cuesta, is an individual with disabilities as defined by and pursuant to the ADA.  Plaintiff, Cuesta, is a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals.  He also has great deal of trouble walking more than short distances.  Cuesta is limited in his major life activities by such, including but not limited walking, standing, grabbing, grasping and/or pinching using the left side of the body.

12.     Plaintiff, CARLOS CUESTA, stayed at the Commercial Property from August 28, 2025 to August 29, 2025.

13.     Plaintiff, CARLOS CUESTA, traveled to Lake George with his family and visited several locations including Saratoga Race Courses, Six Flags Great Escape as well as the Adirondacks Music Festival.  Plaintiff intends to return to the Lake George area in June 2026 for the Belmont Festival as well as other trips to visit with family.

14.     Defendant has discriminated against Plaintiffs by denying them access to, and full

and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

15.    Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A.    <u>Parking and Exterior Routes</u>

i.    Curb ramps have a slope greater than 12% by front parking, violating § 405.2 and 406 of the 2010 ADA Standards for Accessible Design.  The improper slope degree impede Plaintiffs' access to the parking areas.

ii.    Route to front entrances contains cross slopes greater than 4%, violating § 403.3 of the 2010 ADA Standards for Accessible Design.  The improper cross slope degree impedes Plaintiffs' access to the parking areas.

iii.    Parking spaces are not on an accessible route, violating § 206.2 and 502 of the 2010 ADA Standards for Accessible Design.  The improper location of the parking spaces impedes Plaintiffs' access to the parking areas.

iv.    Slope greater than 4% within maneuvering clearance to rear entrance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.  The improper slope degree impedes Plaintiffs' access to the parking areas.

v.    Inaccessible entrances lack required directional signage, violating § 216 of the 2010 ADA Standards for Accessible Design.  The lack of directional signage impedes Plaintiffs' ability to maneuver within the parking areas.

vi.    Passenger Loading Zone fails to comply with § 503 of the 2010 ADA Standards for

Accessible Design.

vii.    Curb ramps to rec area contain slopes greater than 12%, violating § 405.2 and 406 of the 2010 ADA Standards for Accessible Design.  The improper curb ramp slopes impede Plaintiffs' ability to maneuver within the parking areas.

viii.   Route to rec area contains cross slopes greater than 4%, violating § 403.3 of the 2010 ADA Standards for Accessible Design.  The improper slopes impede Plaintiffs' access to the parking areas.

B.    Access to Goods and Services

i.    Dining and work surfaces throughout property lack required toe clearance and violate § 902.2 and 306 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' access to the dining and work areas.

ii.    Less than 5% of all dining spaces are accessible, violating § 226 of the 2010 ADA Standards for Accessible Design.  The lack of accessible dining spaces impede Plaintiffs' access do services.

iii.   Ramp to pool contains a cross slope greater than 3%, violating § 405.3 of the 2010 ADA Standards for Accessible Design.  The improper slope impedes Plaintiffs' access to the pool area.

iv.    Pool and spa entries violate § 242 of the 2010 ADA Standards for Accessible Design.

C.  Restrooms

i.    Mirror set at a height of more than 40 inches above the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design.  The improper height restricts Plaintiffs' access to the mirror.

ii.    Sink rim set at a height of greater than 34 inches above the floor, violating § 606.3 of

the 2010 ADA Standards for Accessible Design.  The improper sink height restricts Plaintiffs' access to the restroom.

iii.    Restroom door lacks required latch side clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.  The improper design restricts Plaintiffs' access to the restroom.

iv.    Dispensers set at a height of more than 54 inches above the floor, violating § 308 of the 2010 ADA Standards for Accessible Design.  The improper height restricts Plaintiffs' use of the dispensers.

v.    Storage hooks set at a height of more than 60 inches above the floor, violating § 604.8 of the 2010 ADA Standards for Accessible Design.  The improper height impedes Plaintiffs' access to storage.

vi.    Pool area grab bars are improper, violating § 604.5 of the 2010 ADA Standards for Accessible Design.

vii.    Pool area sink lacks proper insulation, violating § 606 of the 2010 ADA Standards for Accessible Design.  The improper insulation puts Plaintiffs' at risk of injury.

viii.    Pool area water closet centerline set at a height of more than 18 inches from side wall, violating § 604.2 of the 2010 ADA Standards for Accessible Design.  The improper height impedes Plaintiffs' access to the restroom.

D.    Hotel Guestroom

i.    Toilet paper dispenser is improperly located, violating § 604.7 of the 2010 ADA Standards for Accessible Design.  The improper location impedes Plaintiffs' access to the restroom.

ii.    Flush controls not mounted to open side, violating § 604.6 of the 2010 ADA

6

Standards for Accessible Design. The improper flush controls impede Plaintiffs' access to the restroom.

iii.     Mirror set at a height of more than 40 inches above the floor to reflective surface, violating § 603 of the 2010 ADA Standards for Accessible Design. The improper mirror height restricts Plaintiffs' access.

iv.     Storage shelves and hooks set at heights of over 60 inches above the floor, violating § 308 of the 2010 ADA Standards for Accessible Design. The improper height impedes Plaintiffs' access to storage.

v.      Controls throughout room set at heights greater than 54 inches above the floor, violating § 308 of the 2010 ADA Standards for Accessible Design. The improper height impedes Plaintiffs' access to the controls.

vi.     Blinds lack required operable parts, violating § 309 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the blinds.

vii.    Clear width between beds less than 36 inches, which violates § 403.5 of the 2010 ADA Standards for Accessible Design. The improper spacing restricts Plaintiffs' mobility within the guestroom.

viii.   Sink and work surface set at heights over 34 inches from the floor, which violates § 606.3 and 804 of the 2010 ADA Standards for Accessible Design. The improper heights impede Plaintiffs' access to work surfaces.

ix.     Shower is inaccessible and violates § 608.2, 608.5 and 608.7 of the 2010 ADA Standards for Accessible Design.

x.      Tub controls are improperly located, violating § 607.5 of the 2010 ADA Standards for Accessible Design. The improper controls impede Plaintiffs' access to the tub.

xi.     Tub spray unit violates § 607.6 of the 2010 ADA Standards for Accessible Design.

xii.     Tub grab bars are improperly located, violating § 607.4 of the 2010 ADA Standards

for Accessible Design.  The improper location restricts Plaintiffs' use of the tub.

16.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.
Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs
and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## COUNT I – ADA VIOLATIONS

17.     Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 16
above as though fully set forth herein.

18.     The discriminatory violations described in this Complaint are not an exclusive list
of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public
accommodation in order to photograph and measure all of the discriminatory acts violating the
ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further
request to inspect any and all barriers to access that were concealed by virtue of the barriers'
presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the
Commercial Property and the business(es) therein; Plaintiffs request to be physically present at
such inspection in conjunction with Rule 34 and timely notice.

19.     The Plaintiffs, and all other individuals similarly situated, have been denied access
to, and have been denied full and equal enjoyment of the goods, services, facilities privileges,
benefits, programs, and activities offered by Defendant's Commercial Property and have
otherwise been discriminated against and damaged by the Defendant because of the Defendant's
ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue
to suffer such discrimination, injury and damage without the immediate relief provided by the

ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20.    Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21.    Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22.    A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to

determine all of the areas of non-compliance with the Americans with Disabilities Act.

23.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

24.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.     Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.     Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.      Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

25.     Plaintiffs incorporate and reallege paragraphs 1 through 16 as though set forth fully herein.

26.     This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

27.     More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i)      Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)     Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)     Reserve, upon request, accessible guest rooms or specific types of guest rooms and

ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

28.    Defendant owns, operates, controls and/or maintains a website for the Commercial Property, and/or manages listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at: https://www.wyndhamhotels.com/laquinta/lake-george-new-york/la-quinta-inn-and-suites-lake-george/overview

29.    The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

30.    Prior to the commencement of this lawsuit, Plaintiff, CARLOS CUESTA, visited the Defendant's website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

31.    In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, CARLOS CUESTA's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use

the room.

32.     In the near future, including as set forth above, Plaintiff, CARLOS CUESTA, intends to revisit the Defendant's website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

33.     Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

34.     The violations present at the Defendant's website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendant's website. By continuing to operate the website with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendant's website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

35.    Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

36.    Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

37.    Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its' violations of the ADA.

14

39.     Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.     Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b.     Issue injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c.     Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d.     Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October   , 2025                              Respectfully submitted,


                                                     John A. Salcedo, Esq.
                                                     NDNY Bar Roll No.: 706804
                                                     The Mineo Salcedo Law Firm, P.A.
                                                     5600 Davie Road
                                                     Davie, FL 33314
                                                     T: 954.463.8100
                                                     P: Service@mineolaw.com
                                                     E: jsalcedo@mineolaw.com
                                                     *Attorney for Plaintiffs*